09-3690-pr
*Lora v. O'Heaney*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: February 22, 2010)                    Decided: April 12, 2010)

Docket No. 09-3690-pr
_____

IESHA LORA,

*Plaintiff-Appellee*,

—v.—

CAPTAIN O'HEANEY, OFFICER WHITE, OFFICER TUCKLER, OFFICER MITCHELL, BEATRICE
FORRESTER, CHIEF DOCTOR, MEDICAL DOCTOR MACGAPAL, WARDEN M. MACK, CAPTAIN OF
SECURITY JOSE SANTOS, CITY OF NEW YORK, CAPTAIN WALKER, D.E. WHITE,

*Defendants*,

ADA PEREZ, SUPT - BEDFORD, G. SCHNIEDER, DSS BEDFORD,

*Defendants-Appellants*.

_____

Before:

CABRANES AND PARKER, *Circuit Judges*, AND UNDERHILL, *District Judge*.[*]

_____

---

[*] Stefan R. Underhill, of the United States District Court for the District of Connecticut,
sitting by designation.

Defendants appeal from the denial of a motion for reconsideration of an order of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) denying their motion for summary judgment premised on qualified immunity. We conclude that the appeal from an untimely motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure does not bring up for review the merits of the underlying order. We also conclude that the appeal from a denial of a motion for reconsideration does not satisfy the requirements of the collateral order doctrine and, therefore, we lack jurisdiction. Reviewing the merits of defendants' qualified immunity claim on this appeal would render meaningless the timing provisions under Rule 4 of the Federal Rules of Appellate Procedure, and allowing appellate jurisdiction here would encourage unnecessary delay in future cases. Appeal dismissed.

_____

JONATHAN K. CHANG (James W.B. Benkard, Jonathan L. Adler, Justin G. Sommers, *of counsel*), Davis Polk & Wardwell LLP, New York, NY, *for Plaintiff-Appellee*.

RICHARD O. JACKSON, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Peter Karanjia, Special Counsel to the Solicitor General, *of counsel*), Office of the Attorney General of New York, NY, *for Defendants-Appellant*s.

_____

UNDERHILL, *District Judge*:

Defendants Ada Perez ("Perez") and Gwen Schneider ("Schneider"), two New York State Department of Corrections officials, appealed from an order denying their motion for summary judgment on qualified immunity grounds and also from an order denying their motion for reconsideration of that summary judgment ruling. A motions panel of this Court previously ruled that only the appeal from the motion for reconsideration was timely. We now hold that the appeal from the order denying reconsideration of the qualified immunity ruling fails to meet the requirements of the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Accordingly, we dismiss this appeal for lack of jurisdiction.

I.    Background

Plaintiff Iesha Lora ("Lora"), then acting *pro se*, brought suit in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) under 42 U.S.C. § 1983 to remedy abuse and harassment she allegedly suffered when she was temporarily housed at the Rikers

2

Island correctional facility. Specifically, Lora claims that Perez and Schneider were deliberately indifferent to her claims of abuse at Rikers Island, and that they failed to respond appropriately when informed of her complaints.

Defendants moved for summary judgment on qualified immunity grounds. On January 21, 2009, the District Court denied defendants' motion for summary judgment, holding that genuine issues of material fact precluded summary judgment on the qualified immunity defense. Defendants moved under Rule 59(e) of the Federal Rules of Civil Procedure[1] for reconsideration of the District Court's denial of qualified immunity on February 17, 2009. Defendants argued that the Court overlooked facts regarding their prompt investigation of Lora's allegations as well as controlling law that required the Court to assess whether defendants had violated Lora's "clearly established" rights in the specific factual context of this case. The District Court denied reconsideration in an order dated July 29, 2009. Defendants filed a notice of appeal from both the underlying decision and the decision of the motion for reconsideration on August 27, 2009.

Lora, still acting *pro se*, moved to dismiss the appeal. On November 19, 2009, a motions panel of this Court held that "the district court's orders denying qualified immunity are appealable collateral orders as [defendants] have conceded [Lora's] version of the facts for the purposes of the appeal." *Lora v. Perez*, No. 09-3690-pr, at 1-2 (2d Cir. Nov. 19, 2009) (citing *Loria v. Gorman*, 306 F.3d 1271, 1280 (2d Cir. 2002)). The motions panel also held that the notice of appeal was timely "only with respect to the district court's July 29, 2009 order, denying reconsideration of its January 21, 2009 order, because [defendants'] motion for reconsideration was untimely pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)." *Id.* at 2 (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991)). The motions panel did not expressly address the collateral order doctrine of *Cohen*, 337 U.S. 541, or whether this Court has jurisdiction to hear an interlocutory appeal from the denial of a motion for reconsideration in the absence of a timely appeal from the substantive ruling denying qualified immunity.

---

[1] Rule 59(e) states that "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." As amended effective December 1, 2009, the Rule now allows 28 days.

At oral argument, we raised *nostra sponte* the issue of our jurisdiction to hear this appeal. At our request, the parties filed letter briefs addressing the jurisdictional question. In their letter brief, defendants argue that: (1) the motions panel already held that the appeal from the denial of reconsideration was an appealable collateral order; and (2) defendants' untimely Rule 59(e) motion should be treated as a Rule 60(b) motion[2] and considered on appeal because the Rule 59(e) motion was filed within the 30-day appeal period following the summary judgment ruling.

II.     Discussion

We easily reject the defendants' first argument, that our jurisdiction to hear their appeal has already been decided. The *pro se* plaintiff never raised with the motions panel the issue whether the appeal satisfies the requirements of the narrow collateral order exception to the finality rule. More significantly, the motions panel did not decide that issue. The motions panel ruling did state that "the district court's orders denying qualified immunity are appealable collateral orders as [defendants] have conceded [Lora's] version of the facts for the purposes of the appeal." *Lora v. Perez*, No. 09-3690-pr, at 1. But when read in its proper context, that statement merely reflects acknowledgment of the general rule that denials of qualified immunity are not immediately appealable as collateral orders if the district court has identified genuine issues of material fact that preclude qualified immunity, unless the defendants adopt the plaintiff's version of the facts for purposes of the appeal. *See Loria*, 306 F.3d at 1280.

Even if the motions panel did silently address the jurisdictional question now before us, we may reexamine that decision. Although a merits panel will not ordinarily revisit a ruling by a motions panel "absent cogent or compelling reasons," we "may revisit the motions panel's decision on jurisdiction." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) (internal quotation marks omitted). Here, because Lora was *pro se* at the time she moved to dismiss the appeal, it is not surprising that she did not raise the somewhat complex issue of appellate jurisdiction under the collateral order doctrine. She is now represented by counsel and the parties

---

[2] Rule 60(b) provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the specific reasons provided or "any other reason that justifies relief."

have briefed the issue. Because the motions panel's decision was "based on an abbreviated record and made without the benefit of full briefing by the parties," and "reexamination of a question regarding our jurisdiction is especially important whenever there is reason to believe that it may be lacking," *id.*, we are not bound by any implied decision of this fundamental issue by the motions panel.

We also reject defendants' jurisdictional arguments on the merits, though that rejection requires more detailed explanation. Specifically, defendants' second argument, that treating the untimely Rule 59(e) motion as a Rule 60(b) motion filed within the 30-day appeal period supports appellate jurisdiction, fails for the reasons that follow.

A.      Issues Raised by Appeal from Denial of Reconsideration

The timing of the filing of defendants' motion for reconsideration and notice of appeal in the district court affects the scope of the issues we have jurisdiction to consider on this appeal. The underlying order denying qualified immunity was entered on January 21, 2009. The motion for reconsideration was filed on February 17, 2009. The order denying the motion for reconsideration was entered on July 29, 2009. The notice of appeal from both the underlying decision and the decision of the motion for reconsideration was filed on August 27, 2009.

Defendants had thirty days from the January 21, 2009 ruling within which to appeal the denial of qualified immunity. Fed. R. App. P. 4(a)(1)(A). They could also have moved within thirty days of the expiration of the appeal period to extend the appeal period for up to thirty days after the prescribed time. Fed. R. App. P. 4(a)(5). No such motion was filed. Alternatively, defendants could have tolled the time within which to file an appeal of the underlying order by timely filing a motion under Rule 59 or 60. Fed. R. App. P. 4(a)(4)(A). In order for the appeal period to be tolled, however, any such motion must have been timely filed – i.e., meaning filed within ten days of the entry of the order denying qualified immunity.[3] *See Camacho v. City of Yonkers*, 236 F.3d 112,

---

[3] Prior to December 1, 2009, Federal Rule of Civil Procedure 59 allowed ten days for the filing of most Rule 59 motions and Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) allowed a Rule 60 motion filed within ten days to toll the appeal period. As amended effective December 1, 2009, Federal Rule of Civil Procedure 59 now allows 28 days for the filing of most Rule 59 motions and Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) allows a Rule 60 motion filed

114-16 (2d Cir. 2000) (dismissing appeal from denial of qualified immunity because untimely motion for reconsideration did not toll time to file interlocutory appeal).

Had defendants' motion for reconsideration been filed within ten days of the entry of the underlying order, it would have tolled the time to file a notice of appeal regarding the underlying order until decision of the motion for reconsideration. *See id.* As the motions panel correctly held, however, the motion for reconsideration was not filed within ten days of the entry of the order denying qualified immunity and therefore it did not act to toll the time for appealing the underlying order. The notice of appeal was timely only with respect to the ruling on the motion for reconsideration. By negative implication, Rule 4(a)(4)(A) suggests that failure to file a timely motion for reconsideration, combined with the failure to file a timely appeal of the substantive ruling, will put consideration of whether the substantive ruling was erroneous beyond the reach of an appellate court.

The failure to file a timely notice of appeal is a jurisdictional defect. *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 55 (2d Cir. 1997). Thus, our jurisdiction to consider whether the district court correctly denied qualified immunity turns on the scope of the issues raised by the appeal from the denial of the motion for reconsideration. We have jurisdiction, in other words, only if an appeal from an untimely motion for reconsideration permits consideration of the merits of the ruling that was the subject of the motion for reconsideration.

An untimely motion for reconsideration is treated as a Rule 60(b) motion. *Branum*, 927 F.2d at 704 (2d Cir. 1991) ("If a motion to modify or set aside the judgment . . . is served more than 10 days after entry of the judgment, it is properly considered a motion under Fed. R. Civ. P. 60(b), not one under Rule 59(e)."). It is well settled that "[a]n appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Id.* at 704 (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978)). Thus, we have appellate jurisdiction only if the

---

within 28 days to toll the appeal period.

6

appeal of the denial of the motion to reconsider satisfies the collateral order exception to the finality rule.

B.      Denial of Reconsideration Does Not Satisfy the Collateral Order Doctrine

For the collateral order doctrine to apply, the challenged order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable from a final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Failure to meet any of these three elements is fatal. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981).

Unlike the substantive ruling on qualified immunity, the determination by the district court whether to reconsider that ruling does not raise important issues of the type allowing interlocutory appeal. The legal question before us on appeal from an order denying reconsideration is whether the district court abused its discretion when denying reconsideration. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) ("A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is also reviewed for an abuse of discretion."); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131-32 (2d Cir. 1999) (listing Rules 59, 60, and 65, and stating "[w]e review a district court's ruling on motions under all of these Rules for an abuse of discretion."). When deciding the motion for reconsideration, the District Court was deciding whether the movant had pointed to "controlling decisions or data that the court overlooked" – matters "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Other courts have held, with little discussion, that the collateral order doctrine does not extend to Rule 59(e) orders.[4] Certainly, the denial of a Rule 59(e) motion does not easily satisfy the elements of the collateral order doctrine. The denial of a Rule 59(e) motion does not "conclusively

---

[4] *See Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) (dismissing plaintiff's appeal of his Rule 59(e) motion because it did not meet the third element, partly because it was made regarding an order that was also not final); *see also Okpala v. Ashcroft*, 61 F. App'x 102, 102 (4th Cir. 2003) (per curiam) (stating that "[t]he orders [the plaintiff] seeks to appeal [including an order denying his Rule 59(e) motion] are neither final orders nor appealable interlocutory or collateral orders").

determine" the disputed question that the defendants would have us reach, i.e., whether they are protected by qualified immunity; the summary judgment order conclusively determined that issue. *See Coopers & Lybrand*, 437 U.S. at 468. Denial of reconsideration does not resolve an important issue, but merely resolves whether to revisit an important issue. Whether reconsideration was properly denied is just as reviewable following final judgment as a whole host of other issues that must await final judgment before a party can appeal them. Notably, the Supreme Court has admonished that the unreviewability element is present only in a narrow class of cases where "denial of immediate review would render impossible any review whatsoever." *Firestone*, 449 U.S. at 376 (internal quotation marks omitted).

For these reasons, the denial of defendants' untimely Rule 59(e) motion is not an order that falls within the narrow collateral order exception to the finality rule.

C.      Rule 4 Provides No Back Door for this Appeal

The defendants seek to use their timely appeal from the denial of the motion for reconsideration to revive their untimely appeal from the ruling on the merits of the qualified immunity defense. Allowing defendants to pursue an interlocutory appeal of the merits of the qualified immunity claim under the circumstances of this case would effectively eviscerate two sections of Rule 4. First the "timely files" requirement of Rule 4(a)(4)(A)(i) would become meaningless; a party would be allowed to toll the appeal deadline for months and appeal from the merits ruling at any time up to thirty days after the ruling on the motion for reconsideration, even if the motion for reconsideration was not timely. Second, the scheme set out in Rule 4(a)(5) for extensions of time to file a notice of appeal would be unnecessary in many situations. Rather than filing a motion to extend time to appeal, and having to satisfy the district court that "excusable neglect or good cause" exists, a party seeking to extend the time within which to appeal could simply file a motion for reconsideration and await the ruling on that motion – thereby often obtaining an even longer extension of the appeal deadline than Rule 4(a)(5) permits. We cannot countenance such results.

Permitting circumvention of Rule 4 would increase the number of interlocutory appeals and the associated delays. Such delays are inconsistent with the purpose of the final judgment rule,

8

which seeks "to avoid the waste of time and the delay in reaching trial finality which ensue when piecemeal appeals are permitted." *Nelson v. UNUM Life Ins. Co. of Am.*, 468 F.3d 117, 119 (2d Cir. 2006) (quoting *Paliaga v. Luckenback S.S. Co.*, 301 F.2d 403, 406-7 (2d Cir. 1962) (internal quotation marks omitted)).  We see no reason to bend Rule 4 in order to expand the availability of interlocutory appeals to parties who have failed to timely appeal from an appealable collateral order.

III.    Conclusion

The appeal from denial of the untimely motion for reconsideration does not raise the merits of the underlying ruling denying qualified immunity.  The only timely appeal filed in this case does not satisfy the collateral order doctrine.  Accordingly, we dismiss the appeal for lack of jurisdiction.