12-3966-cv
Nwabue v. SUNY at Buffalo/University Medical Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of October, two thousand thirteen.

PRESENT:    GERARD E. LYNCH,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

---

ROGERS A. NWABUE,

                        *Plaintiff - Appellant*,

            v.                                              No. 12-3966-cv

SUNY at BUFFALO/UNIVERSITY MEDICAL SERVICES,

                        *Defendant-Appellee*,

JOHN YEH, M.D., ROSEANNE BERGER, M.D.,
JANE HARSZLAK, Ph.D.,

                        *Defendants.*[*]

---

[*] The Clerk of Court is directed to correct, on this Court's docket, the spelling of Roseanne Berger's name, as reflected in this Order.

FOR APPELLANT:          ROGERS A. NWABUE, *pro se*, Ann Arbor, Michigan.

FOR APPELLEE:           LAURA ETLINGER, Assistant Solicitor General (Barbara D. Underwood, Solicitor General and Andrea Oser, Deputy Solicitor General, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that appellant's appeal is **DISMISSED, IN PART, FOR LACK OF JURISDICTION**, and, to the extent that this Court has jurisdiction, the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Rogers Nwabue, proceeding *pro se*, appeals from the district court's dismissal of his age discrimination complaint, the denial of a motion to vacate that dismissal, and the denial of his motion to certify issues to the United States Attorney General. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

After the district court dismissed Nwabue's complaint for lack of subject matter jurisdiction, Nwabue filed an initial motion to vacate the judgment. The district court granted that motion in part and denied it part; it allowed Nwabue leave to amend his complaint to include claims against University Medical Resident Services, P.C., which he contended was the actual party in interest. But Nwabue never filed an amended complaint, and 69 days after the deadline to amend the complaint had passed, the district court entered a superseding judgment dismissing and closing his case on March 26, 2012. Nwabue never appealed that judgment.

2

On May 2, 2012, Nwabue filed a motion to vacate the judgment, in which he largely reiterated arguments he raised in opposition to the defendant's original motion to dismiss. He also filed a motion seeking to certify to the United States Attorney General several questions he contends were of constitutional dimension. On September 4, 2012, the district court denied Nwabue's motions, and, on October 1, 2012, Nwabue filed the present appeal.

As a preliminary matter, we have a "special obligation to satisfy [ourselves] . . . of [our] own jurisdiction." *See Arnold v. Lucks*, 392 F.3d 512, 517 (2d Cir. 2004); *see also Henrietta D. v. Giuliani*, 246 F.3d 176, 179 (2d Cir. 2001) (noting obligation to raise issue of jurisdiction sua sponte where it is questionable). In a civil case where the United States is not a party, Federal Rule of Appellate Procedure 4(a)(1)(a) and 28 U.S.C. § 2107(a) require an appellant to file a notice of appeal within thirty days after the entry of a judgment. In *Bowles v. Russell*, the United States Supreme Court made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. 205, 214 (2007). However, this thirty-day time period to file a notice of appeal may be tolled by, *inter alia*, a timely filed motion under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *see also* Fed. R. Civ. P. 59(e) (requiring motion to be filed no later than 28 days after the entry of judgment); Fed. R. App. P. 4(a)(4)(A)(vi) (noting that a Rule 60(b) motion tolls time to appeal only if filed no later than 28 days after a judgment is entered). Where a timely post-judgment motion enumerated in Rule 4(a)(4) is made, the time to appeal does not begin to run until the entry of the order disposing of such a motion. *See* Rule 4(a)(4)(A).

Nwabue's motion to vacate the judgment was filed on May 2, 2012. This was more than twenty-eight days after the March 26, 2012 entry of the superseding judgment dismissing his

3

complaint, and thus, it could not toll the time period for filing an appeal from that judgment. Indeed, Nwabue did not file a notice of appeal until October 1, 2012, long past the thirty-day deadline. His notice of appeal was, therefore, untimely as to any order filed before September 1, 2012, including the district court's original dismissal of Nwabue's complaint, its order vacating in part the first judgment, and its final judgment issued in the spring, and we therefore lack jurisdiction to review those orders.

Nwabue's notice of appeal was only timely as to the district court's September 2012 order denying his motion to vacate the March 2012 judgment and denying his motion to certify questions to the United States Attorney General. The scope of that appeal is limited, however. As we have often explained, a litigant may not exploit his timely appeal from the denial of a motion to vacate a judgment to revive arguments he waived by failing to file a timely appeal from the judgment on the merits. *See, e.g.*, *Lora v. O'Heaney*, 602 F.3d 106, 110-11 (2d Cir. 2010). It is well settled that "[a]n appeal from an order denying a Rule 60(b) motion [filed more than twenty-eight days after judgment is entered] brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978)). Insofar as Nwabue's appeal challenges the underlying merits of his case, we lack jurisdiction to consider those arguments. It follows that we also lack jurisdiction over arguments that Nwabue could have brought in a direct appeal, including his arguments that the district court committed "fraud on the court" by failing to accord him a liberal construction of his filings, and that the district court erred in vacating, in part, the original judgment while a prior appeal was pending before this Court.

4

We have jurisdiction to review only a single issue raised by Nwabue: whether the district court erred in failing to certify to the United States Attorney General the question of whether it was unconstitutional for the State Attorney General to appear as counsel to UMRS, a private entity. Where 28 U.S.C. § 2403 applies, certification is mandatory, even where the claim is obviously frivolous or may be disposed of on other grounds. *See Wallach v. Lieberman*, 366 F.2d 254, 257 (2d Cir. 1966). Here, however, section 2403(a) is inapplicable because Nwabue does not call into question the constitutionality of any federal statute. Accordingly, we find that the district court did not err in refusing to certify this issue to the Attorney General. In addition, Nwabue's argument lacks merit because the State Attorney General appeared on behalf of SUNY alone, and never appeared on behalf of UMRS. Finally, the certification requirement exists for the benefit of the United States, to enable the Attorney General to defend the constitutionality of federal laws. Even if certification were required, Nwabue identifies no way in which he was prejudiced by the failure to certify.

For the foregoing reasons, the appeal is dismissed, except insofar as noted above, and the judgment of the district court is otherwise hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5