*Daniel v. T&M Prot. Res., LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:

> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

OTIS A. DANIEL,

      *Plaintiff-Appellant*,

      v.                                    No. 22-1614

T&M PROTECTION RESOURCES, LLC,

      *Defendant-Appellee.*[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| For Plaintiff-Appellant: | Otis A. Daniel, pro se, New York, NY. |
|---|---|
| For Defendant-Appellee: | Leonard Weintraub, Paduano & Weintraub LLP, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Otis Daniel, proceeding pro se, appeals from (1) a September 28, 2021 order denying as untimely filed and without merit his motion for reconsideration of a previously denied motion for relief from a 2018 judgment, and (2) a July 22, 2022 order denying his motion to reconsider that order. We review the denial of a motion for reconsideration for abuse of discretion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Daniel commenced the instant action in June 2013, alleging that he was subjected to a hostile work environment by his former employer, T&M Protection

2

Resources, LLC ("T&M"), in violation of Title VII of the Civil Rights Act of 1964. After we vacated the district court's grant of summary judgment in favor of T&M, *see Daniel v. T & M Prot. Res., LLC*, 689 F. App'x 1 (2d Cir. 2017), the district court held a bench trial as to Daniel's hostile work environment claim, which resulted in a judgment in T&M's favor. Daniel thereafter filed a motion for reconsideration, which the district court denied. Daniel appealed the district court's judgment, and we affirmed. *See Daniel v. T&M Prot. Res., LLC*, 771 F. App'x 123 (2d Cir. 2019). In June and July 2020, Daniel filed motions pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from the district court's July 2018 judgment. The district court denied the motions as untimely and without merit, and we again affirmed. *See Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433 (2d Cir. 2021).

On September 23, 2021, Daniel filed another motion for reconsideration, requesting that the district court reopen his case. By order dated September 28, 2021, the district court denied Daniel's reconsideration motion as untimely and meritless. On October 8, 2021, Daniel filed a motion for reconsideration of the district court's September 28, 2021 order. The district court denied this motion on

3

July 22, 2022.  This appeal followed.[1]

Although Daniel purports to appeal from the district court's September 28, 2021 and July 22, 2022 orders, he nowhere explains how the district court erred in denying his underlying motions for reconsideration.  Indeed, Daniel fails to advance any argument as to why his September 2021 motion was timely or how his motion set forth new facts or law warranting reconsideration.  To the contrary, the instant appeal merely reargues the merits of Daniel's underlying case – arguments that we previously determined lacked merit.  *See Daniel*, 771 F. App'x at 124–25; *see also Daniel*, 844 F. App'x at 435–36 (concluding that Rule 60(b) relief was not warranted on the basis of T&M's alleged misconduct or the purported inadequate performance of Daniel's trial counsel).[2]

---

[1] T&M construes Daniel's appeal as challenging only the July 22, 2022 order; however, our appellate jurisdiction extends to both orders.  *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting that if an appeal follows the denial of a Rule 59(e) motion, "the ruling on the Rule 59(e) motion merges with the prior determination"); Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order.").  Moreover, Daniel's submissions – which we construe liberally, *see Bacon v. Phelps*, 961 F.3d 533, 541 (2d Cir. 2020) – indicate that he intends to challenge the denial of the underlying motion as well.  *See* Reply Br. at 4.

[2] Contrary to T&M's contention, the Court is not without appellate jurisdiction here.  *See* 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1), (4).  However, "[i]t is well settled that an appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (internal quotation marks and alteration

4

Rule 28(a) of the Federal Rules of Appellate Procedure "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citing Fed. R. App. P. 28(a)(3), (5), (6)). Because Daniel has failed to raise any arguments concerning the orders currently on appeal, he has forfeited those arguments. *See id.* ("Although pro se litigants are afforded some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." (citations omitted)); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (explaining that "we need not manufacture claims of error" for a pro se litigant).

But even on the merits Daniel's arguments fail. We previously determined that Daniel's June and July 2020 motions for reconsideration were untimely. *See Daniel*, 844 F. App'x at 435. The law-of-the-case doctrine provides that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 662 (2d Cir. 2020)

---

omitted). Accordingly, to the extent that Daniel seeks to appeal the district court's July 2018 judgment, we agree that his challenge is untimely.

(internal quotation marks omitted).   Daniel has failed to advance any cogent or compelling reason as to why his September 2021 motion is timely, particularly since we have already determined that his June and July 2020 motions were not.

We have considered Daniel's arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Because this is at least the third appeal Daniel has filed in this case since we affirmed the district court's judgment in 2019, we now warn Daniel that if he continues to file frivolous appeals, we may be forced to consider sanctions, including an injunction directing the Clerk of this Court to refuse to accept for filing any submissions from Daniel unless he has first obtained leave of the Court.   *See Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).