22-3130-cv
Oneida Indian Nation v. Phillips

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*,
LEWIS J. LIMAN,
*District Judge.*\*

------------------------------------------------------------------

ONEIDA INDIAN NATION,

*Plaintiff-Counter-Defendant-Appellee*,

v.                                                      No. 22-3130-cv

DANIEL PHILLIPS, as administrator
of the Estate of Melvin L. Phillips, Sr.
and as successor trustee of Melvin

---

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

Phillips, Sr./Orchard Party Trust,

*Defendant-Counter-Claimant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:                              WOODRUFF LEE CARROLL,
                                            Woodruff Lee Carroll P.C.,
                                            Syracuse, NY

FOR APPELLEE:                               MICHAEL R. SMITH (David A.
                                            Reiser, *on the brief*), Zuckerman
                                            Spaeder LLP, Washington, DC

Appeal from an order of the United States District Court for the Northern

District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the order of the District Court is AFFIRMED.

Daniel Phillips, as administrator of the Estate of Melvin L. Phillips, Sr., and

as successor trustee of the Melvin L. Phillips, Sr./Orchard Party Trust (the

"Defendant") appeals from an order of the United States District Court for the

Northern District of New York (Suddaby, *J.*) denying his motion to vacate a 2019

judgment.  That judgment declared that the Oneida Indian Nation (the "Nation")

has title to a disputed parcel of land and permanently enjoined Melvin Phillips

("Phillips") and his trust from asserting any ownership interest in the property.

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This suit arises out of a dispute between Phillips and the Nation over the ownership of a 19.6-acre parcel of land in Oneida County, New York. In 2015 Phillips filed a quitclaim deed purporting to transfer the parcel from himself as grantor to a trust of which he is the sole trustee. In *Oneida Indian Nation v. Phillips*, 981 F.3d 157 (2d Cir. 2020), this Court recounted the Nation's litigation against Phillips and his trust that followed. We assume familiarity with that decision, emphasizing only that we determined there that the disputed parcel is within the Oneida reservation and that neither Phillips nor his ancestors has ever had title to it. *See id.* at 165–66.

Notwithstanding our decision and mandate, in late June 2022 the Defendant moved to vacate the District Court's 2019 judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The District Court denied the Rule 60(b) motion by text order. This appeal followed.

Because the Defendant appeals from an order denying his Rule 60(b) motion, we may "review only the denial of the motion and not the merits of the

3

underlying judgment for errors that could have been asserted on direct appeal."
*Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (quotation marks omitted).  The
District Court gave four independent reasons for denying the Defendant's
motion to vacate: untimeliness, the law-of-the-case doctrine, failure to comply
with Local Rule 7.1, and lack of merit.

On appeal, the Defendant challenges at most two of the reasons given by
the District Court and fails to dispute the others.  Instead, the Defendant's
arguments focus almost entirely on relitigating the underlying merits of the land
dispute.  The Defendant has therefore abandoned any argument that the District
Court's order reflected an abuse of discretion with respect to the reasons that the
Defendant did not challenge.  *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir.
1998) ("[P]ursuant to [Federal Rule of Appellate Procedure] 28(a) we need not,
and normally will not, decide issues that a party fails to raise in his or her
appellate brief.").  On this basis alone, given that each reason provided by the
District Court for denying the motion to vacate independently constituted
sufficient grounds for denial of the Defendant's Rule 60(b) motion, we may
affirm.

Even if the Defendant had not abandoned any of his arguments, however, we see no abuse of discretion in the District Court's denial of his motion to vacate. One of the reasons for the denial was "the law-of-the-case doctrine (given the Second Circuit's Mandate of January 6, 2021)." Where, as here, the underlying judgment was affirmed on direct appeal, the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (quotation marks omitted).

Before the District Court and on his first appeal, the Defendant asserted two different theories of ownership over the disputed parcel, both of which we rejected. *See Oneida Indian Nation*, 981 F.3d at 165–67. Neither this appeal nor the Rule 60(b) motion offers a new theory of ownership or points to newly discovered evidence affecting title that was not previously addressed in earlier rulings. Because we have "already considered and rejected the basis for" the Defendant's Rule 60(b) motion, we affirm the District Court's denial. *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994).[1]

---

[1] Because the District Court correctly applied the mandate rule, we need not reach the District Court's other bases for denying the motion.

5

We have considered the Defendant's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court