24-803-cv
Stinson v. CUNY

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-four.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Marcus Stinson,

*Plaintiff-Appellant,*

v.                                                                            24-803-cv

City University of New York, City University Construction Fund, Sonia Pearson, in her official & individual capacity, Pamela Silverblatt, in her official & individual capacity,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:     Marcus Stinson, pro se, Englewood, NJ.

FOR DEFENDANTS-APPELLEES:     No appearance.

Appeal from an order of the United States District Court for the Southern District of New York (Stanton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Marcus Stinson has filed several pro se complaints in multiple district courts regarding the termination of his employment at the City University of New York ("CUNY"). Applying the doctrine of res judicata, the district court dismissed the complaint filed in this case as precluded by one of Stinson's previous lawsuits. *See Stinson v. CUNY*, No. 21-CV-6942, 2022 WL 347805, at *3-4 (S.D.N.Y. Feb. 3, 2022). The district court also entered a limited filing injunction that prohibited Stinson—absent leave from the district court—from filing further actions alleging employment discrimination and retaliation arising out of his prior employment at CUNY. Stinson pursued an appeal, which he later voluntarily withdrew.

Almost two years after the entry of judgment, Stinson filed what the district court construed as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). The district court denied the motion, reasoning that it was untimely and otherwise lacked merit because it "failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6)." *Stinson v. CUNY*, No. 21-CV-6942, 2024 WL 836479, at \*2 (S.D.N.Y. Feb. 28, 2024).

Stinson appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I. Scope of Appeal and Forfeiture

Stinson's appellate brief focuses on errors in the original judgment and filing injunction.[1] But the time to directly attack the underlying judgment and filing injunction was in his original appeal, which he voluntarily withdrew. His current appeal is timely taken only from the order denying his Rule 60(b) motion—which, under these circumstances, does not subject the original judgment or the filing

---

[1] Stinson also challenges judgments and orders from some of his other lawsuits. Because those dispositions are not on appeal, we do not address those arguments here.

3

injunction to appellate review. *See* Fed. R. App. P. 4(a)(4)(A)(v)-(vi); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

Stinson's focus on the original judgment and filing injunction comes at the expense of an explanation for why the district court may have erred in deciding that his Rule 60(b) motion was untimely and without merit. Because Stinson fails to address these issues, the issues are abandoned, and we could affirm on that basis alone. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (explaining that a pro se litigant abandons issues and arguments that are not raised in an opening brief). Nevertheless, as explained below, the district court did not abuse its discretion in declining to provide relief from the judgment.

## II. Rule 60(b)

"We review the district court's Rule 60 decision for abuse of discretion." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). A district court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (quoting *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018)).

4

Rule 60(b) enumerates five grounds for relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; and (5) a satisfied, released, or discharged judgment, a judgment that has been reversed or vacated, or one whose application is no longer equitable. Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b)(6) provides a "catch-all provision" for "any other reason that justifies relief" that may be invoked only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). And a Rule 60(b) motion "must be made within a reasonable time," with an outside boundary of one year after the entry of the judgment or targeted order for motions brought under subsections (1) through (3). Fed. R. Civ. P. 60(c)(1).

The district court did not abuse its discretion in concluding that Stinson's motion—filed almost two years after entry of judgment—was not timely. *See Stinson*, 2024 WL 836479, at *2. It is plainly untimely if brought under Rule 60(b)(1)-(3). Additionally, Stinson offered no explanation for his delay, a core consideration for whether a motion has been brought within a reasonable time. *See In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981).

Alternatively, even assuming the motion were timely, we agree with the district court that Stinson did not ground his request for Rule 60(b) relief on the record. Instead, he sought to relitigate issues decided in his previously dismissed cases or that should have been raised in an initial appeal. The district court did not abuse its discretion in denying the Rule 60(b) motion because Stinson did not present any legal or factual grounds that would call into question the dismissal of the action.

\*       \*       \*

We have considered Stinson's remaining arguments, which we conclude are without merit. We affirm the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court