25-355-cv
*Kinsella v. Bureau of Ocean Energy Mgmt.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-six.

PRESENT:
>           DENNIS JACOBS,
>           RICHARD C. WESLEY,
>           EUNICE C. LEE,
>                *Circuit Judges.*

_____

Simon V. Kinsella,

>           *Plaintiff-Appellant,*

>     v.                                                    25-355

South Fork Wind, LLC,

>           *Intervenor-Appellee,*

Bureau of Ocean Energy Management,
Doug Burgum, U.S. Secretary of the
Interior, Secretary of the Interior, U.S.

**Department of the Interior,**

*Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:

Simon V. Kinsella, *pro se*, Wainscott, NY.

FOR INTERVENOR-APPELLEE:

Stacey L. VanBelleghem (Janice M. Schneider and Devin M. O'Connor, *on the brief*), Latham & Watkins LLP, Washington, D.C.

FOR DEFENDANTS-APPELLEES:

Vincent Lipari (Varuni Nelson and Matthew Silverman, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella Jr., United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, and the order of the district court,

entered on December 19, 2024, are **AFFIRMED**.

Simon V. Kinsella, proceeding *pro se*, appeals from the district court's judgment dismissing his action for lack of standing and failure to state a claim, and the district court's order denying reconsideration. Kinsella sued the Bureau of Ocean Energy Management ("BOEM") and federal officials (collectively, the "federal defendants"), challenging approval of the South Fork Wind Farm, a renewable energy project involving the construction of, among other things, wind turbines off the coast of Long Island. South Fork Wind, LLC ("South Fork") intervened. In 2024, the district court granted the defendants' motions to dismiss, concluding that Kinsella had failed to establish standing for his claims against the federal defendants, and that he failed to state a claim against South Fork. *Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 23-CV-2915-FB-ST, 2024 WL 4266278 (E.D.N.Y. Sept. 23, 2024). The court denied Kinsella's motion for reconsideration. *Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 23-CV-2915-FB-ST, 2024 WL 5168944 (E.D.N.Y. Dec. 19, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d

3

Cir. 2005). "[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025) (citation omitted).

In general, this Court reviews the denial of a motion for reconsideration for abuse of discretion. *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010). Denials of leave to amend based on futility are reviewed *de novo*. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Because Kinsella "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

For substantially the reasons identified by the district court, we affirm. First, the district court properly dismissed Kinsella's second amended complaint. We agree that Kinsella lacked standing to pursue his claims against the federal defendants. "We review *de novo* a decision as to a plaintiff's standing to sue based on the allegations of the complaint and the undisputed facts evidenced in the record." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). In resolving a Rule 12(b)(1) motion, a district court "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

4

"The 'irreducible constitutional minimum of standing contains three elements': (1) 'the plaintiff must have suffered an injury in fact,' i.e., 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'; (2) 'there must be a causal connection between the injury and the conduct complained of'; and (3) 'it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Kinsella's alleged harms were related to the installation of onshore transmission cables and associated infrastructure. He alleged that South Fork's "onshore transmission infrastructure" caused environmental harm, namely, groundwater contamination, electromagnetic radiation, and thermal effects. However, as the district court explained, the decisions related to the onshore transmission infrastructure were made by state and local agencies—the federal defendants' jurisdiction did not extend to the onshore components of the project. Kinsella's second amended complaint also briefly alleged that he had to pay higher utility rates, but he did not explain how or why the federal defendants' approval of the project had caused the alleged utility rate

5

increases. In sum, the district court was correct that causation was lacking. *See id.* at 560 ("[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." (alterations accepted, internal quotation marks and citation omitted)).

On appeal, Kinsella argues that the district court's standing analysis overlooked this Court's decision in *Carver v. City of New York*, 621 F.3d 221 (2d Cir. 2010). *Carver* explains that "[t]hough causation is lacking if the claimed injury results from the independent action of some third party not before the court, a plaintiff need not allege that the defendant's actions were the very last step in the chain of causation to demonstrate that the defendant's actions caused the claimed injury." 621 F.3d at 226 (alterations accepted, internal quotation marks and citation omitted). "It suffices that the defendant's actions had a determinative or coercive effect upon the action of someone else who directly caused the claimed injury." *Id.* (internal quotation marks and citation omitted). "Thus, causation turns on the degree to which the defendant's actions constrained or influenced the decision of the final actor in the chain of causation." *Id.*

Kinsella's reliance on *Carver* is unavailing. To be sure, Kinsella plausibly alleged that the onshore components of the project would not have occurred absent the federal

6

defendants' approval of the offshore components. But the district court explained that state and local entities had approved the path for the onshore transmission cable before the federal government issued the permits for the offshore wind farm, and that the federal defendants' jurisdiction did not extend to the onshore components. The district court further explained that the federal defendants had no role in, nor any authority to change, the rate agreement, which was approved by the New York Attorney General and the New York Comptroller. Kinsella does not dispute the accuracy of these statements. Accordingly, the federal defendants did not have a sufficiently "determinative or coercive effect" on the state and local decisions about the onshore transmission infrastructure and rate agreement. *See id.* at 226.

We also agree that Kinsella failed to state a fraud claim against South Fork. "Under New York law, the elements of a fraud claim are a representation of material fact, falsity, scienter, reliance and injury." *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 22 (2d Cir. 2015) (internal quotation marks and citation omitted). Kinsella's fraud allegations were based on statements South Fork made in various regulatory filings to the federal defendants. Under New York law, "indirect communication can establish a fraud claim, so long as the statement was made with the intent that it be communicated to the plaintiff and that the plaintiff rely on it." *Pasternack v. Lab'y Corp. of Am. Holdings*,

7

27 N.Y.3d 817, 828 (2016). However, the Court of Appeals has "decline[d] to extend the reliance element of fraud to include a claim based on the reliance of a third party, rather than the plaintiff." *Id.* at 829. In other words, the plaintiff must still "have relied upon a misrepresentation by a defendant to his or her detriment." *Id.*

Even assuming that South Fork's statements to the federal defendants were made with the intent that they be communicated to Kinsella and that Kinsella rely on them, Kinsella failed to plausibly allege that he in fact relied on the statements. As the district court explained, Kinsella "alleges his own reliance in conclusory fashion but does not explain what he would have done differently." *Kinsella*, 2024 WL 4266278, at *4. The district court was correct that this was insufficient to state a claim for fraud under New York law. *See Pasternack*, 27 N.Y.3d at 828.

Second, the district court did not abuse its discretion in denying reconsideration. The district court properly concluded that Kinsella had failed to demonstrate that the court had overlooked any legal or factual issues that would have altered its original decision, and failed to demonstrate any extraordinary circumstances that would otherwise justify relief. Finally, the district court properly denied further leave to amend as futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Kinsella's proposed third amended complaint did not cure the defects identified by the district court.

8

We have considered all of Kinsella's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, and the order of the district court, entered on December 19, 2024.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court